**HONGMIN GUO, Petitioner,**

**v.**

**IMMIGRATION and NATURALIZATION SERVICE,**

---

Respondent.

No. 07–0695–ag.

United States Court of Appeals, Second Circuit.

Nov. 21, 2007.

Theodore N. Cox, New York, NY, for Petitioner.

Peter D. Keisler, Assistant Attorney General, Civil Division, Lisa M. Arnold, Senior Litigation Counsel, Eric W. Marsteller, Trial Attorney, Sarah A. Schroeder, Summer Law Intern, Office of Immigration Litigation, U.S. Department of Justice, Washington, D.C., for Respondent.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. PIERRE N. LEVAL and Hon. CHESTER J. STRAUB, Circuit Judges.

### SUMMARY ORDER

Hongmin Guo, a native and citizen of the People's Republic of China, seeks review of a February 5, 2007, order of the BIA affirming the June 27, 2005, decision of Immigration Judge ("IJ") Vivienne E. Gordon–Uruakpa pretermitting his application for asylum and denying his applications for withholding of removal and relief under the Convention Against Torture ("CAT"). *In re Hongmin Guo*, No. A95 450 488 (B.I.A. Feb. 5, 2007), *aff'g* No. A95 450 488 (Immig. Ct. N.Y. City Jun. 27, 2005). We assume the parties' familiarity with the underlying facts and procedural history of the case.

As an initial matter, in his brief to this Court, Guo did not challenge the IJ's finding that his application was untimely under 8 U.S.C. § 1158(a)(2)(B). Therefore, he has waived any challenge to the IJ's pretermission of his asylum claim. *See Yueqing Zhang v. Gonzales*, 426 F.3d 540, 541 n. 1, 546 n. 7 (2d Cir.2005). Moreover, we are without jurisdiction to consider Guo's CAT claim, as he failed to raise that claim in his appeal to the BIA. *See* 8 U.S.C. § 1252(d)(1); *Karaj v. Gonzales*, 462 F.3d 113, 119 (2d Cir.2006) (citing *Beharry v. Ashcroft*, 329 F.3d 51, 59 (2d Cir.2003)).

"Where the BIA expressly adopts the IJ's findings and reasoning, as it did here,

we review the decision of the IJ as if it were that of the BIA." *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. I.N.S.,* 386 F.3d 66, 73 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice,* 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *See, e.g., Cao He Lin v. U.S. Dep't. of Justice,* 428 F.3d 391, 406 (2d Cir.2005).

We conclude that the IJ's adverse credibility determination was supported by substantial evidence. The IJ properly found that Guo's testimony that he was detained for one month by the Chinese government and that he was released upon his wife's payment of 8000 yuan was inconsistent with her letter, which omitted those assertions. The IJ also properly found that there was no reference in Guo's wife's letter to her ever being summoned by the police for interrogation, despite Guo's testimony that this occurred three times. We have previously upheld an agency's reliance on an omission in a corroborative document as support for its adverse credibility determination. *See, e.g., Surinder Singh v. B.I.A.,* 438 F.3d 145, 148 (2d Cir.2006). Moreover, Guo's proffered explanations for those inconsistencies did not address the IJ's concerns, and thus, the IJ was not required to credit them. *See Majidi v. Gonzales,* 430 F.3d 77, 80–81 (2d Cir.2005) (stating that the agency need not credit an applicant's explanations for in-

consistent testimony unless a reasonable fact-finder would be compelled to do so).

The IJ further impugned Guo's credibility based on the summons that he submitted, finding that the document was "not what it purports to be." Guo argues that this finding was impermissibly speculative. "[W]e will reject a deduction made by an IJ only when there is a complete absence of probative facts to support it—that is, when the speculation is 'bald.'" *Siewe v. Gonzales,* 480 F.3d 160, 168 (2d Cir.2007) (quoting *Zhou Yun Zhang,* 386 F.3d at 74). Speculation is not "bald," however, if it is based on facts in the record "viewed in the light of common sense or ordinary experience." *Id.* at 168–69. Here, the IJ properly found that the summons was not a reliable document, because it was implausible that the police would issue a summons to appear on December 18, when Guo had already appeared that day. Because this deduction was "tethered to the evidentiary record," it provides support for the adverse credibility determination. *Id.* at 169.

The inconsistencies, omissions, and implausibilities identified above provide substantial evidence for the IJ's finding that Guo was not credible. Accordingly, we need not evaluate the remainder of the IJ's findings. While some of those findings, when evaluated individually, concern matters that are collateral or ancillary to Guo's claim, the IJ properly relied on their cumulative effect to reach her conclusion. *See Tu Lin v. Gonzales,* 446 F.3d 395, 402 (2d Cir.2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot.